1

2

3

4

5

6

7

8                                **UNITED STATES DISTRICT COURT**

9                                **EASTERN DISTRICT OF CALIFORNIA**

10

11   THERESA MARIE BRASSFIELD,                    )   Case No.: 1:14-cv-01684 - JLT
                                                  )
12                   Plaintiff,                   )   ORDER GRANTING PLAINTIFF'S MOTION
                                                  )   TO PROCEED INFORMA PAUPERIS
13          v.                                    )
                                                  )   (Doc. 2)
14   CAROLYN W. COLVIN,                           )
     Acting Commissioner of Social Security,      )
15                                                )   ORDER DISMISSING COMPLAINT WITH
                                                  )   LEAVE TO AMEND
16                   Defendant.                   )
                                                  )
17

18          Theresa Marie Brassfield ("Plaintiff") filed a complaint and application to proceed *in forma*

19   *pauperis* with an action seeking judicial review of a determination of the Social Security

20   Administration on October 27, 2014.  (Docs. 1-2).  For the following reasons, Plaintiff's motion to

21   proceed *in forma pauperis* is **GRANTED**, and her complaint is **DISMISSED** with leave to amend.

22   **I.      Proceeding *in forma pauperis***

23          The Court may authorize the commencement of an action without prepayment of fees "but a

24   person who submits an affidavit that includes a statement of all assets such person . . . possesses [and]

25   that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

26   reviewed the application and finds Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a).

27   Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

28   ///

                                                      1

## II.      Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

## III.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

1    conclusions are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a

2    complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*,

3    203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

4    **IV.      Jurisdiction**

5          Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability

6    benefits.  (Doc. 1).  The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides

7    in relevant part:

8    9    10   11   12   13

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

14   *Id.* (emphasis added).  Except as provided by statute, "[n]o findings of fact or decision of the

15   Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

16   These regulations "operate as a statute of limitations setting the time period in which a claimant may

17   appeal a final decision of the Commissioner."  *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at

18   *4-5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews*

19   *v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)).  The time limit is a condition on the waiver of sovereign

20   immunity, and it must be strictly construed.  *Id.*

21   **V.      Discussion and Analysis**

22          The Appeals Council denied Plaintiff's request for review on August 7, 2014, at which time

23   the ALJ's decision became the final decision of the Commissioner.  (*See* Doc. 1 at 5).  Therefore,

24   Plaintiff's request for judicial review pursuant to 42 U.S.C. § 405(g) was to be filed no later than

25   October 11, 2014.  Plaintiff's counsel requested the Appeals Council grant an extension of time to file

26   a civil action on October 8, 2014.  (*Id.* at 10.) Notably, Plaintiff does not allege the Appeals Council

27   granted the extension of time.  Therefore, from the face of Plaintiff's complaint, it is not clear that the

28   Court has jurisdiction over the matter.

**VI.     Leave to Amend the Complaint**

Leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle her to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

Here the Court cannot find with certainty that Plaintiff cannot allege facts supporting a finding that the Court has jurisdiction over the matter.  The Court will grant Plaintiff leave to amend the complaint to cure the deficiencies of this complaint by stating the necessary information regarding if and when the request for an extension of time was granted by the Appeals Council.  Failure to cure the deficiencies will result in a recommendation that the matter be dismissed.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110 and will result in dismissal of this action.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2.     Plaintiff's complaint **IS DISMISSED** with leave to amend; and

3.     Plaintiff is **GRANTED** 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated:     **November 4, 2014**                  **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE

4